J-S33007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST SCHROEDER | : | |
| | : | |
| Appellant | : | No. 3118 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 2, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006651-2017

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 02, 2020**

Appellant, Ernest Schroeder, appeals from the Judgment of Sentence imposed after he violated the terms of his probation. Appointed counsel, J. Anthony Foltz, Esq., seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

On April 3, 2018, Appellant entered a negotiated plea of *nolo contendere* to one count of Terroristic Threats, graded as a first-degree misdemeanor.[1] In exchange for his plea, the Commonwealth agreed to dismiss other charges

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2706(a)(1).

pending against him and recommend a probationary sentence. The court accepted Appellant's plea and imposed twelve months of probation.[2]

On September 18, 2019, the court revoked Appellant's probation and resentenced him to a term of eighteen to sixty months of incarceration.[3] Appellant timely filed a Motion for Reconsideration of Sentence, and on October 2, 2019, the court granted the Motion and resentenced Appellant to a term of twelve to sixty months of incarceration.

Appellant did not file a post-sentence motion but timely appealed. Appointed counsel thereafter filed a Statement pursuant to Pa.R.A.P. 1925(c)(4), informing the court of his intention to file an **Anders** Brief. The lower court issued a responsive Opinion.

### **_Anders_ Brief**

In this Court, counsel has filed an **Anders** Brief, challenging the legality of Appellant's sentence. **Anders** Br. at 6, 10-12. In addition, counsel has filed an Application to Withdraw as Counsel.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (_en banc_). Prior to withdrawing as counsel on direct appeal

---

[2] The plea court imposed this sentence consecutive to a sentence imposed at another criminal docket. Thus, Appellant's probationary sentence did not commence until June 26, 2019. **See** N.T. Gagnon, 9/18/19, at 7.

[3] Appellant conceded that he violated the terms of his probation. N.T. Gagnon at 4

under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of [her] right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.'" **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago** and supplied Appellant with a copy of his **Anders** Brief and a letter explaining the rights enumerated in **Nischan**. **See** Application to Withdraw,

Exh. (Letter, dated March 23, 2020). Accordingly, counsel has complied with the technical requirements for withdrawal.[4]

### RRRI Ineligibility

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant asserts that the court erred when it failed to designate him eligible for the Recidivism Risk Reduction Incentive ("RRRI") program. **Anders** Br. at 6. Appellant's claim implicates the legality of his sentence. **Commonwealth v. Finnecy**, 135 A.3d 1028, 1033 (Pa. Super. 2016). Our standard of review is *de novo*, and our scope of review is plenary. **Id.**

The RRRI Act provides, in relevant part, that a defendant is RRRI eligible, as long as he has not been convicted of a personal injury crime as defined by the Crime Victims Act. 61 Pa.C.S. § 4503. The Crime Victims Act defines personal injury crimes to include "[a]n act, attempt[,] or threat to commit an act" under Chapter 27 of the Crimes Code, and graded as a misdemeanor or felony. 18 P.S. § 11.103. The crime of Terroristic Threats is included in Chapter 27 of the Crimes Code. **See** 18 Pa.C.S. § 2706(a)(1).

---

[4] Appellant has offered no response to counsel's **Anders** Brief.

Here, Appellant pleaded *nolo contendere* to one misdemeanor count of Terroristic Threats. **See** Sentencing Order, 4/3/18. Since the Crime Victims Act defines Terroristic Threats as a personal injury crime and Appellant's plea resulted in a conviction for Terroristic Threats graded as a misdemeanor, Appellant is not eligible for RRRI.

Following our review of the issue raised by Appellant in counsel's **Anders** Brief, we agree with counsel and conclude that this Appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/20